UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**BARRY JOE STULL**,                                    Case No. 3:13-CV-02211-KI

                           Plaintiff,                OPINION AND ORDER

       v.

**JASON MAURRY, MULTNOMAH
COUNTY, OREGON, MULTNOMAH
COUNTY DISTRICT ATTORNEY
MICHAEL D. SCHRUNK, CITY OF
PORTLAND, OREGON, STATE OF
OREGON, TRI MET**,

                       Defendants.

      Barry Joe Stull
      10852 SE Stark St., #5
      Portland, OR 97216

              *Pro Se* Plaintiff

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Barry Stull brings suit against police officer Jason Maurry, Multnomah County, Multnomah County District Attorney Michael D. Schrunk, the City of Portland, the State of Oregon, and TriMet arising from his arrest and subsequent conviction of Interfering with Public Transportation.

Pending before the Court is Stull's application to proceed *in forma pauperis* [2].

## ALLEGATIONS

Stull broadly alleges violations of his civil rights (without specifying which constitutional provisions he invokes), retaliation under the Americans with Disabilities Act ("ADA"), wrongful arrest, excessive use of force, and publication of "alias information Stull never used but which continues to be both published and required of Stull."  Compl. at 5.

Stull alleges he suffers from a neurological problem and carries an Honored Citizen ID card issued by TriMet.  He further alleges that, on December 15, 2011, he boarded the TriMet light rail train.  Police officer Jason Maurry approached Stull from behind, touched him on the shoulder and asked him whether he was named Charlie.  Stull responded, "No, I'm not.  And that's offensive physical contact" and asked for Officer Maurry's State of Oregon Department of Safety Standards and Training number.  Compl. ¶ 12.  Officer Maurry ignored him, but remained nearby.  When Stull rose to get off the train, Officer Maurry shoved Stull in the center of his chest using both hands.  Stull asked what that was about, then produced his TriMet Honored Citizen ID, said he had a disability, and got off the train.  Officer Maurry then shoved Stull from behind making him collide with a woman boarding the train.  Stull pulled the emergency switch inside the train because he feared an escalation of his conflict with Officer Maurry.  Officer

Maurry arrested Stull, charging him with three counts:  two counts of Interfering with Public Transportation (ORS 166.116) and one count of Offensive Physical Contact (Portland City Code 14A.40.020).

Stull was released from Multnomah County Detention Center a little over four hours later and he was arraigned the next day, on December 16.  The District Attorney's Office chose to treat these charges as violations, rather than as crimes.  Stull alleges that Multnomah County and the Multnomah County District Attorney made this choice so as to preclude his representation by a court-appointed attorney and avoid the higher beyond a reasonable doubt burden of proof.  He contends the State of Oregon Judicial Department joined in violating his rights.  Stull complains the District Attorney appeared at trial, when purportedly that is prohibited in a violation proceeding.  As a result of the decision to charge him with violations, he also lost the ability to have representation on appeal.

The District Attorney dismissed the first count and, at a trial presided over by a Multnomah County Circuit Court judge, Stull was found not guilty of the third count but guilty of the second count.  The judge imposed a monetary penalty of $180 for costs and fines.  Stull appealed the decision, but could not afford a transcript and his appeal was dismissed.

Stull also alleges TriMet, Multnomah County, and the City of Portland are liable because they "continue to employ" Maurry and continue to pay him, "creat[ing] an ongoing hostile environment for Stull as a transit depent and [sic] person with a disability having to use TriMet, where Stull is encountered by Jason Maurry."  Compl. ¶ 33.

Page 3 - OPINION AND ORDER

Stull also complains that his arrest record includes arrests for which no charges issued and others for which he was found not guilty, and that Portland Police Officer Stegemeyer added a letter "y" to the end of his name so that Stull is now incorrectly identified as Barry Joe Stully.

## LEGAL STANDARDS

Stull moves to proceed *in forma pauperis*.  Under 28 U.S.C. § 1915(e)(2), the court must dismiss a case *sua sponte* if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

*Pro se* complaints are construed liberally and may only be dismissed "'for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Engebretson v. Mahoney, 724 F.3d 1034, 1037 (9th Cir. 2013) (quoting Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011)).  These protections are "'particularly important in civil rights cases.'"  Pouncil v. Tilton, 704 F.3d 568, 575 (9th Cir. 2012) (quoting Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000)).  The court should allow a *pro se* plaintiff to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment.  Johnson v. Lucent Tech. Inc., 653 F.3d 1000, 1011 (9th Cir. 2011).

## DISCUSSION

Stull moves to proceed *in forma pauperis*.  An examination of the application reveals that plaintiff is unable to afford the costs of this action.  Accordingly, it is ordered that this action may go forward without payment of fees or costs.

However, even broadly construing Stull's complaint, it is clear many of the named defendants and most of his claims are subject to dismissal and cannot be cured by amendment.

I.    <u>Decision to Charge Stull with a Violation</u>

Stull challenges the Multnomah County District Attorney's decision to charge Stull with a violation rather than a crime, and alleges Multnomah County and the State of Oregon violated his civil rights by permitting such an election.  <u>See</u> Pl.'s Attach. 28 of 29, <u>State of Oregon v. Stull</u>, No. 11-12-53645, ECF No. 1-1.

Stull's claim against the State of Oregon is barred by the Eleventh Amendment.  Unless sovereign immunity is abrogated by Congress or a state, "[t]he Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." <u>Seven up Pete Venture v. Schweitzer</u>, 523 F.3d 948, 952 (9th Cir. 2009) (citing <u>Seminole Tribe v. Florida</u>, 517 U.S. 44, 54 (1996)).  The State of Oregon has not consented to being sued in this Court.  <u>Webber v. First Student, Inc.</u>, 928 F. Supp. 2d 1244, 1269 (D. Or. 2013) (the Oregon Tort Claims Act provides a limited waiver of sovereign immunity for the torts of its officers, employees and agents but does not waive immunity to suit in federal court); <u>Quern v. Jordan</u>, 440 U.S. 332, 345 (1979) (civil rights claims against state under 42 U.S.C. § 1983 are barred by sovereign immunity).[1]

Similarly, Stull's claim against the Multnomah County District Attorney must be dismissed.  In making his charging decisions, the Multnomah County District Attorney represented the State of Oregon; as such, he is protected by sovereign immunity.  <u>Kleinman v. Multnomah Cnty.</u>, No. 03-1723-KI, 2004 WL 2359959, at *5 (D. Or. Oct. 15, 2004).  In addition,

---

[1]Although the Eleventh Amendment does not bar prospective injunctive or declaratory relief against state officials, Stull has not sued any state officials.  In addition, even were he allowed to add defendants, Stull has not and cannot show he will "again be subject to the specific injury for which [he] seek[s] injunctive or declaratory relief." <u>Sample v. Johnson</u>, 771 F.2d 1335, 1340 (1985) (a "physical or theoretical possibility" is insufficient).

under Oregon law, the District Attorney is entitled to absolute prosecutorial immunity from damages for acts taken in his official capacity in "initiating a prosecution and presenting the States's case." <u>Miller v. Gammie</u>, 335 F.3d 889, 896 (9th Cir. 2003).

Finally, to the extent Stull alleges Multnomah County can be liable for acts taken by the District Attorney, I reiterate the District Attorney's office represents the State of Oregon, not an individual county, in executing prosecutorial functions. As a result, any allegations against Multnomah County for acts of the District Attorney must be dismissed.

Since Stull cannot sue the State of Oregon or Multnomah County in this court due to sovereign immunity, and because no amendment is possible, this claim against the State of Oregon and Multnomah County is dismissed without prejudice. <u>See Freeman v. Oakland Unified Sch. Dist.</u>, 179 F.3d 846, 847 (9th Cir. 1999) (where a plaintiff's claims are dismissed by reason of the Eleventh Amendment, the dismissal "should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court").

Additionally, because Stull cannot sue the Multnomah County District Attorney due to prosecutorial immunity, the claim against him is dismissed with prejudice.

II.    <u>Employment of Officer Maurry</u>

Stull also alleges Multnomah County and TriMet are liable because they "continue to employ Jason Maurry, and Defendant City of Portland continues to act as the funding agent for Maurry's paycheck, which creates an ongoing hostile environment for Stull as a transit depend and [sic] person with a disability having to use TriMet where Stull is encountered by Jason Maurry." Compl. ¶ 33.

Page 6 - OPINION AND ORDER

Although Stull does not allege a basis in the law for his claims against Multnomah County, the City of Portland, or TriMet, it appears he seeks to hold them responsible because they purportedly employ Officer Maurry, who allegedly violated his rights under the ADA.

If Stull is alleging a violation of his constitutional rights, he may only proceed pursuant to 42 U.S.C. § 1983.  Under that statute, however, Multnomah County, the City of Portland, or TriMet cannot "be held liable *solely* because it employs a tortfeasor–or, in other words . . . on a *respondeat superior* theory."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Rather, a municipality may only be held liable under § 1983 if the plaintiff establishes that the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citing Monell, 436 U.S. at 694).  Stull makes no such allegation.

If he is alleging a violation of the ADA, Stull must allege (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability.  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  In addition, although vicarious liability is possible under the ADA, plaintiff must prove the defendants intentionally discriminated against him in order to obtain monetary damages. Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1138, 1141 (9th Cir. 2001) (citation and footnote omitted).  To make this showing, plaintiff must allege defendants knew that harm to a federally protected right was substantially likely and that they failed to act upon that likelihood.  Id. at 1139.

Page 7 - OPINION AND ORDER

Accepting as true all of Stull's factual allegations, I find Stull fails to state a claim under the ADA against TriMet, the City of Portland or Multnomah County for monetary damages because nowhere in his Complaint does he allege any of these entities had any notice or knowledge that it was "substantially likely" Officer Maurry would violate Stull's rights under the ADA. In addition, if he seeks injunctive relief as a remedy, he does not allege Officer Maurry continues to violate his rights under the ADA such that he would be entitled to an injunction. City of L.A. v. Lyons, 461 U.S. 95, 111 (1983) (injunctive relief only available if "real or immediate threat that the plaintiff will be wronged again").

Because Stull is proceeding *pro se*, and because I could not say at this point that it would be impossible for him to cure the deficiencies in his Complaint, I will allow him to amend his ADA claim against TriMet, Multnomah County, and the City of Portland.

III.    Arrest Record

Stull challenges Officer Stegemeyer's inaccurate identification of him as Stully and the City's inclusion of arrests where no charges were brought or where he was found not guilty. He specifically alleges an "ongoing pattern and practice of treating Stull differently than others, arresting Stull more than is merited and effecting retaliation against Stull for having identified and challenged such corruption." Compl. ¶ 31.

Stull has not named Officer Stegemeyer as a defendant. He also has not challenged any policy or law developed with the purpose of discriminating against him or having a discriminatory effect. He does not allege he is a member of a protected class within the meaning of the Fourteenth Amendment, such that he could allege his equal protection rights were violated,

nor does he allege any deprivation of a property or liberty interest in the City's maintenance of his arrest record. If he wishes to expunge arrests, he may follow the process set out in ORS 137.225.

In sum, Stull fails to allege facts supporting any claim against the City of Portland arising from his arrest record, nor could he, and this claim is dismissed with prejudice.

IV.    Claims Against Officer Maurry

Stull alleges Officer Maurry "had no grounds to physically molest Stull, used excessive force against Stull when Stull rose to exit the Max, retaliated against Stull for invoking rights under the Americans with Disabilities Act, and subsequently arrested Stull where no reasonable law enforcement officer would have found Stull to have been doing anything illegal, where Maurry to the contrary, saw Stull's acts to be criminal." Comp. ¶ 23.

Construing plaintiff's allegations liberally, he may be trying to allege civil rights claims under the U.S. Constitution and/or tort claims under Oregon law.

First, to the extent plaintiff seeks to allege civil rights claims under the U.S. Constitution, he must bring such a claim under 42 U.S.C. § 1983. That statute permits an injured person to assert a claim for relief against a person who, acting under color of state law, violated the plaintiff's federally protected rights. To state a § 1983 claim, plaintiff must allege (1) a deprivation of a federal right, and (2) that the person who deprived the plaintiff of that right acted under color of state law. Plaintiff may enforce a number of federal constitutional rights under § 1983 against defendants who acted under color of state law, including the Fourth Amendment protection against unreasonable searches and seizures. Construing plaintiff's allegations liberally, he could be alleging Officer Maurry violated this constitutional right when he arrested

Page 9 - OPINION AND ORDER

Stull and used excessive force to do so, but he should clarify his Complaint if he wishes to proceed under 42 U.S.C. § 1983.

Second, to the extent plaintiff seeks to allege a tort claim under Oregon law (such as false arrest), he must allege compliance with the Oregon Tort Claims Act ("OTCA"), ORS 30.260-30.300. The OTCA applies to claims against a public body's "officers, employees and agents acting within the scope of the employment or duties[.]" ORS 30.265(1). Under the OTCA, a plaintiff must give notice of his tort claims within 180 days after the alleged loss or injury, and a complaint that fails to allege notice was given in accordance with the OTCA is subject to dismissal. ORS 30.275; Brinkley v. Or. Health Sciences Univ., 94 Or. App. 531, 537, 766 P.2d 1045, 1049 (1988).

Stull's claims against Officer Maurry are dismissed without prejudice, with leave to amend to correct the deficiencies identified above.

## CONCLUSION

Stull's Application to Proceed in Forma Pauperis [2] is granted, but service is stayed pending the filing of an Amended Complaint.

The State of Oregon is dismissed without prejudice. The Multnomah County District Attorney is dismissed with prejudice. Stull's claim against Multnomah County arising from the violation charge is dismissed without prejudice. Stull's claim against the City of Portland arising from his arrest record is dismissed with prejudice.

I will allow Stull 30 days from the date of this order to file an Amended Complaint clarifying the legal basis for his claims against Officer Stull and alleging an ADA claim against TriMet, the City of Portland, and Multnomah County arising from Officer Stull's employment, if

he can truthfully correct the deficiencies noted above.  If plaintiff fails to amend the complaint

within 30 days from the date of this order, I will dismiss the action without ordering the marshal

to serve the summons and complaint.

     IT IS SO ORDERED.

     DATED this ____14th____ day of January, 2014.


                 _/s/ Garr M. King_____
                 Garr M. King
                 United States District Judge